IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC <br> v. <br> JOHN DOE | 2:15-cv-04422-JCJ |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

NOW COMES the Defendant, John Doe, by and through his counsel, and having previously moved the Court to dismiss the complaint filed in the above captioned matter, hereby moves the Court to dismiss the complaint pursuant to Rule 12(b)(6), and in support thereof files this memorandum of law.

MATERIAL FACTS AS PLEADED

On August 8, 2015, Plaintiff MALIBU MEDIA, LLC ("Malibu") filed a complaint against an unknown Defendant, designated as "John Doe subscriber IP address designated 72.94.247.198" ("Doe"). By agreement of the parties, Doe agreed to waive service of the complaint in exchange for Malibu's agreement to proceed anonymously against Doe through pretrial proceedings.

Malibu is a producer of adult videos. These videos are copyrighted and registered through the Copyright Office.[1] The complaint alleges infringement of 136 of Malibu's videos in nine separate files via a peer-to-peer protocol known as BitTorrent. Among the nine files, one is described as a "siterip," which the complaint describes as a single zip[2] file "containing a significant percentage of movies available on the Plaintiff's website." Complaint, paragraph 2. Exhibits attached to the complaint elaborate that the siterip contains a total of 127 Malibu

---
1  For purposes of this motion, Doe acknowledges the validity and ownership of the copyrights at issue.
2  A zip file is a compressed data file. Data compression allows large files to be compressed into smaller memory units for archiving or distribution, and then decompressed back to full size for use again. See https://en.wikipedia.org/wiki/Zip_(file_format), visited December 11, 2015.

videos. Complaint, exhibit C.

According to the complaint, BitTorrent takes large files and breaks them into smaller pieces known as "bits." Complaint, paragraph 14. These smaller bits relieve the various users and their computer networks of the burden of sharing very large files in their entirety. *Id*, paragraph 14. When a user has obtained all the bits associated with the file, the BitTorrent software reassembles the bits into viewable files. Complaint, paragraph 15.

Malibu retained a computer forensic company named IPP International UG ("IPP") to track the sharing of its copyrighted videos across the BitTorrent, and according to the complaint "[IPP] established a direct TCP/IP connection with the Defendant's IP address...." Complaint, paragraph 19. The complaint does not elaborate, however, what an IP address is, how they work, or how an IP address might be associated with a particular person.

The next paragraph alleges that "[IPP] downloaded from Defendant one or more bits of each of the digital media files identified...." Complaint, paragraph 20. Malibu then asserts that Doe "downloaded, copied, and distributed a complete copy of Plaintiff's works...." Complaint, paragraph 21.[3]

From the above, Malibu avers the bald conclusion that Doe "is a habitual and persistent BitTorrent user and copyright infringer." Complaint, paragraph 27.

The complaint then pleads a single count for relief under the Copyright Act, 17 U.S.C. §101 et seq. See complaint, paragraphs 30-35.

On December 11, 2015, Doe filed a Motion to Dismiss pursuant to Rule 12(b)(6) alleging (A) that the complaint fails to state a claim upon which relief can be granted, and (B) that the complaint is insufficiently pleaded under *Twombly/Iqbal*.[4] This memorandum follows.

---

3 As elaborated later, this is a bare unsupported assertion.
4 *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)

ARGUMENT

The complaint must be dismissed for failing to state a claim upon which relief can be granted. To successfully prevail on a claim of copyright infringement, a plaintiff must plead and prove four elements: "[A] complaint based on copyright infringement must allege: (1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. §§ 101 et seq.; and (4) by what acts the defendant infringed the copyright." *Zaslow v. Coleman*, 2:15-cv-1272 (E.D. Pa. May 5, 2015) (Surrick, J.). For purposes of this motion, Doe does not dispute the first three elements relating to ownership. However, the complaint does not adequately state a claim as to what acts Doe engaged in to infringe the copyright.

Furthermore, under principles stated by the Supreme Court in the *Twombly* and *Iqbal* decisions, a complaint must be dismissed unless the claim is facially plausible; that is, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Professional Dog Breeders Advisory Coun. v. Wolff*, 752 F. Supp.2d 575, 583 (E.D. Pa. 2010), *quoting Iqbal*, 129 S.Ct. at 1949. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

As applied by the Third Circuit, this requires District Courts to apply a two-part analysis: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203,

3

210-211 (3d Cir. 2009) (internal citations omitted).

Furthermore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler, at 210, *quoting Iqbal*, 129 S.Ct. at 1949.

Applying the above rules to the complaint in this matter, it is clear that Malibu has skipped a step in its pleadings and the complaint is therefore deficient.

As pleaded, the complaint conclusively asserts without elaboration that "[IPP] established a direct TCP/IP connection with the Defendant's IP address…." Complaint, paragraph 19. The complaint then moves immediately to two threadbare conclusions — that IPP downloaded Malibu's copyright works "from the Defendant" (i.e., Doe); and that Doe "downloaded, copied, and distributed a complete copy" of Malibu's videos. Complaint, paragraphs 20-21.

The complaint asserts without elaboration that it tracked the alleged file sharing to an IP address without elaborating what an IP address is or how it relates to a particular person. Furthermore, there is no elaboration as to how (or if) IP addresses are assigned to particular persons. It is not self-evident that IP addresses equate to a particular person, or even a particular physical location. "An IP address is the unique address assigned to every machine on the internet. An IP address consists of four numbers separated by dots, e.g., 166.132.78.215." *In re Pharmatrak, Inc.*, 329 F.3d 9 (footnote 1) (1st Cir. 2003). However, identifying a particular IP address will not, by itself, uncover the culprit. In fact, in one criminal case the registered subscriber of an IP address was a dead person. *U.S. v. Cunningham*, 694 F.3d 372, 376 (3rd Cir. 2012).

Clearly, there are dots to be connected but Malibu makes no attempt to do so, moving directly from identifying an IP address to accusing a particular person.

Furthermore, Malibu's complaint is internally inconsistent, alleging that IPP had

obtained "one or more" bits while also averring that Doe had downloaded a complete copy of their videos. The method described in paragraphs 19 through 22 of the complaint aver only that IPP received file pieces from Doe's suspected IP address; there is no indication of any method or investigation undertaken to support the conclusion that Doe downloaded, copied, or distributed a complete copy of Malibu's works.

Further, it is not even necessary to obtain a complete copy of a file prior to sharing what bits a user may have. "As soon as you have even a piece of the file, you can start sharing that piece with other users. That's what makes BitTorrent so fast; your BitTorrent client starts sharing as soon as it downloads one chunk of the file (instead of waiting until the entire download has been completed)." [http://lifehacker.com/285489/a-beginners-guide-to-bittorrent](http://lifehacker.com/285489/a-beginners-guide-to-bittorrent) (visited December 11, 2015). Paragraph 21 is therefore a completely bald assertion, and need not be considered by the Court.

The complaint makes no effort to elaborate how an IP address relates to a particular person; nor does the complaint even attempt to the basis for its assertion that the Defendant in particular is the alleged infringer. This is crucial because liability for copyright infringement is personal to the infringer. *See* 17 U.S.C. §501(a) ("*Anyone* who violates any of the exclusive rights of the copyright owner… is an infringer….") (emphasis added).

## CONCLUSION

Having failed to connect those dots, the complaint does not meet the plausibility standards of *Twombly*/*Iqbal* and must be dismissed in its entirety.

Respectfully submitted,

/s/ CHARLES THOMAS, JR.
Attorney for Defendant
PO Box 2
Lansdowne, PA 19050
877-397-3003
ct@ThomasTrials.com
Atty. ID No. 89781
